**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PURNELL WILLIAMS** | § | |
| | § | |
| **V.** | § | **A-12-CV-0717 LY** |
| | § | |
| | § | |
| **WELLS FARGO BANK** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Purnell William's Application to Proceed *In Forma Pauperis* and Plaintiff's Ex Parte Notice and Application for: an Order to Show Cause, a Temporary Restraining Order, a Preliminary Injunction, and Memorandum of Points and Authorities. (Clerk's Doc. No. 1), filed on August 9, 2012.  The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  ANALYSIS**

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status in the instant case. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review each Complaint pursuant to 28 U.S.C. §1915(e)(2).  That statute reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .

(B)     the action or appeal-

   (i)     is frivolous or malicious;
   (ii)    fails to state a claim on which relief may be granted; or
   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  An action is frivolous if it "lacks an arguable basis either in law

or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight,

value, or importance, not worthy of serious consideration, or trivial*." Deutsch v. United States*, 67

F.3d 1080, 1083 (3d Cir. 1995).  A complaint is malicious when it "duplicates allegations of another

pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

   Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S.

519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all

reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).  However, the petitioner's pro se status does not

offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson

v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

   Plaintiff Purnell Williams has filed suit against Wells Fargo Bank seeking a preliminary

injunction enjoining Defendant from evicting and/or selling Plaintiff's alleged residential property

located at 11213 Barn Owl Drive, Austin, Texas 78745.  Plaintiff's Complaint at 1.  Plaintiff has also

filed an application for an Order to Show Cause why a preliminary injunction should not be granted

enjoining Defendant from evicting Plaintiff from the property and is seeking an ex parte Temporary

Restraining Order to "restrain" Defendant from evicting and/or selling the aforementioned property. *Id.* In his Statement of Fact, Plaintiff alleges that he acquired the property in question through adverse possession on July 6, 2012. Plaintiff's Statement of Fact. The property was originally occupied by David L. Carreon who, following an adverse judgment by the Justice of the Peace, Travis County, was served with a Writ of Possession entitling Wells Fargo to possession of the property on June 28, 2012. *Id.* Plaintiff states that he found the property vacated and abandoned in May of 2012 and began frequenting the property shortly thereafter. *Id.* He further states that in June of 2012, he discovered a notice placed on the door of the home by MCS, an agent of Wells Fargo, declaring that the property had been vacated. *Id.* In July of 2012, Plaintiff filed both an affidavit and a UCC Financing Statement in Travis County, "officially" asserting his adverse possession of the Barn Owl Drive Property. *Id.* Plaintiff asserts that he does not know and is not affiliated in any way with David L. Carreon, the former occupier of the property, and emphasizes that he took possession of the abandoned property in July of 2012 after Mr. Carreon had clearly vacated the premises. *Id.* Plaintiff asserts that he has been residing on the property, has been making all necessary repairs and improvements, and has placed a lien on the property which "supersedes the jurisdiction of the Justice of the Peace." *Id.* Plaintiff has submitted to the Court a "Supplement" to his Complaint with a "Declaration of the Notice of Lien" attached. The "Declaration of the Notice of Lien" states that Williams is a contractor who made a contract with himself for improvements to the Barn Owl property in the amount of $563,739.00.

As stated above, section 1915(e)(2)(B) provides that a district court shall dismiss an *in forma pauperis* complaint, at any time, if the district court determines that the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory. *Id.* at 327.

After reviewing the complaint, the Court is unable to recognize any legally cognizable claim. It appears from the pleadings that the only basis for Plaintiff's claim is that he "adversely possessed" the foreclosed property just months after it was vacated and, therefore, he cannot be evicted as the "rightful owner" of the land. The Court will assume for the purposes of this analysis that Plaintiff is attempting to assert diversity jurisdiction on the basis that Wells Fargo is a foreign corporation. 28 U.S.C.A. §1332. However, even assuming jurisdiction, his pleadings fail to establish any claim of legal merit. While Plaintiff claims to have acquired the aforementioned property through adverse possession, there is absolutely no merit to this claim, as Plaintiff's allegations do not even come close to establishing the necessary elements of adverse possession. To establish an adverse possession claim under Texas law, Plaintiff must demonstrate an actual and visible appropriation of the land in question for a period of at least 10 or more consecutive years. TEX. CIV. PRAC & REM § 16.026; *see Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990). Plaintiff, who appears to be a squatter, has admittedly occupied the Barn Owl Drive property for mere months, which is not even remotely close to the required 10 year minimum. As a result, Plaintiff has failed to establish any cognizable claim for adverse possession under state or federal law.

To the extent Plaintiff attempts to assert a materialman's lien or mechanic's lien on the Barn Owl property, this claim also fails. In order to be entitled to a materialman's lien on any property, Plaintiff is required to prove that he provided the materials or labor by virtue of a contract with the owner of the property or his agent, trustee, receiver, contractor, or subcontractor. *See* Tex. Prop. Code Ann. § 53.021(a); s*ee also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex.

4

2005) (providing that a direct contractual relationship is required between the owner of the property and the mechanic, materialman, or artisan).  Despite his claims of adverse possession, Plaintiff is not the owner of the Barn Owl property and did not have the authority to enter a contract with any contractor—including himself—to make improvements on the property.   Accordingly, the undersigned recommends that the Complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.  RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of September, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE